# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT W. BARICKMAN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 1:07cv134**
　　　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**FRED BUMGARDNER and**
**PAROLE BOARD MEMBERS,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I.　Procedural History

The *pro se* plaintiff initiated this case on September 28, 2007 by filling a civil rights complaint against the above-named defendants. The plaintiff paid his initial filing fee on October 17, 2007.

On October 20, 2007, the defendants filed a Motion to Dismiss. A Roseboro Notice was issued eleven days later.

This case is before the undersigned for a Report and Recommendation on the defendant's Motion to Dismiss.

### II.　The Pleadings

**A.　The Complaint**

On September 28, 2007, the plaintiff, a state inmate incarcerated at St. Mary's Correctional Center, filed this *pro se* complaint under the federal Freedom of Information Act and Privacy Act ("FOIA"), 5 U.S.C. §§ 551 and 552 (e), and the West Virginia Freedom of Information Act, W.Va. Code § 29B-1-1 et seq. In his complaint, plaintiff alleges that the West Virginia Parole Board has

denied him access to documents pertaining to his August 15, 2007, parole hearing. The plaintiff contends that these documents do not fall under any of the protective categories of either the federal or state FOIA statutes. Plaintiff seeks the disclosure of all documents pertaining to his parole hearing.

On August 15, 2007, the plaintiff was given a parole hearing with the state parole board. At the hearing, the plaintiff alleges that Mr. Bumgardner, a member of the parole board, made the following statement directed at the plaintiff: "I see you have no home plan, it's still pending. That's okay, you'll be here for awhile." Plaintiff asserts that this statement shows that Mr. Bumgardner held predisposed views regarding plaintiff's parole eligibility. In order to obtain documents regarding the proceeding, the plaintiff asserts that he has sent two letters to the parole board asking for any documents to be released to him. Each request has been denied.

**B.     Defendants' Response**

In their motion, the defendants assert that the plaintiff's FOIA claims should be dismissed. Defendants assert the federal FOIA does not apply to state agencies and officials. Additionally, defendants assert that the 11th Amendment precludes federal courts from ordering state officials to comply with state law. Thus, the defendants request that this action be dismissed with prejudice.

### III.   Standard of Review

**A.     Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the well-pleaded material factual allegations. Advanced Health Care Services, Inc., v Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and

construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.    Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth or limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue at trial. Id.

This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## IV. Analysis

**A. FOIA Claims**

Numerous courts and commentators have held that the Federal Freedom of Information Act and Privacy Act applies only to federal, not state, agencies.[1] Accordingly, the courts have stated that the Federal FOIA does not apply to state governments, cities, or its employees, or municipal corporations.[2] In the present action, the plaintiff seeks state records maintained by a state agency, the West Virginia Parole Board. Because this action focuses on state agencies rather than federal agencies, the federal FOIA is inapplicable. Therefore, this Court lacks subject matter jurisdiction over the present FOIA claim and his federal FOIA claim should be dismissed.

Regarding plaintiff's West Virginia FOIA claim, this Court lacks jurisdiction to enforce this claim. In Suarez Corp. Industries v. McGraw, 125 F.3d 222 (4th Cir. 1997), the Fourth Circuit held that the Eleventh Amendment precludes federal courts from exercising jurisdiction over state

---

[1] See St. Michaels Convalescent Hospital v. State of California., 643 F.2d 1369 (9th Cir. 1981); State et. rel. Wyant v. Brotherton, 214 W.Va. 434 (2003); Marmella v. County of Westchester, 898 F. Supp. 236 (S.D.N.Y. 1995)

[2] See Lathrop v. Juneau & Associates, Inc. P.C., 220 F.R.D. 330 (S.D. Ill. 2004); State ex rel. Cincinnati Enquirer, Div. Of Gannett Satellite Info. Network, Inc. v. Dupuis, 781 N.E. 2d 163 (2002); Rankel v. Town of Greenburgh, 117 F.R.D. 50 (S.D.N.Y. 1987)

officials for injunctive relief to alleged violations of state law.[3]  Further, under the West Virginia FOIA act, the statute clearly provides for its enforcement through the state's circuit courts, not through the federal district courts. W.Va. Code § 29B-1-5.  Thus, any relief sought under the state FOIA must be brought in the state circuit court of the county where the requested records are stored. Id.  Hence, this Court is in no position to aid the plaintiff in his present action.  Therefore, plaintiff's state FOIA claim should be dismissed.

## V. Recommendation

Based on the foregoing, the undersigned recommends that the defendants' Motion to Dismiss (dckt. 12) be **GRANTED** and the plaintiff's complaint be **DENIED** and **dismissed with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

---

[3] See also Penhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).

5

docket, and to counsel of record via electronic means.

DATED: July 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE